IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

JENNIFER GLASSE,

    Plaintiff,

vs.                                    CASE NO.:

AL JAZEERA INTERNATIONAL
(USA) LLC,

    Defendant.            /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JENNIFER GLASSE ("Plaintiff"), by and through undersigned counsel, herby files this complaint against Defendant, AL JAZEERA INTERNATIONAL (USA) LLC ("Defendant"), and in support thereof states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, as amended, 42 U.S.C. 12101, et seq. ("ADAAA"), and the Florida Civil Rights Act (FCRA) to recover lost wages, emotional distress damages, pain and suffering, reasonable attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

2. Plaintiff is an adult individual who resides in Volusia County, Florida.

3. Defendant is a foreign limited liability company, authorized to do business in the State of Florida and throughout the United States.

4. At all times relevant hereto, Defendant conducted business in Volusia County, Florida.

5. At all times relevant hereto, Defendant conducted business in Florida and employed more than 500 employees.

6. At all times relevant hereto, Plaintiff was an "employee" of Defendant within the meaning Title VII, the ADEA, the ADAAA, and the FCRA.

7. At all times relevant hereto, Defendant was, and continues to be, "employers" within the meaning Title VII, the ADEA, the ADAAA, and the FCRA.

## JURISDICTION AND VENUE

8. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Title VII, the ADEA, and the ADAAA.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims under § 28 U.S.C. 1367.

10. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims

occurred in this District and Plaintiff resides in this District.

11. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 15, 2024, which was dual filed with the Florida Commission on Human Relations (FCHR), with respect to her claim(s). On September 16, 2024, the FCHR issued its right-to-sue letter. Therefore this complaint is being filed within one year of Plaintiff receiving her right-to-sue letter.

## **FACTUAL ALLEGATIONS**

12. Plaintiff, Jennifer Glasse, is an award-winning journalist with over twenty-five (25) years of field experience in international conflict zones.

13. Plaintiff began working for Defendant Al Jazeera in 2011 as a freelance correspondent based in Afghanistan.

14. Between 2014 and 2022, Plaintiff made numerous requests to be considered for a full-time staff correspondent position.

15. Despite Plaintiff's qualifications and demonstrated performance, she was consistently passed over in favor of significantly younger, less experienced candidates—many of whom were conventionally attractive, blonde females or of Arabic descent.

16. Plaintiff applied for a Washington D.C. staff correspondent position in April ,2017.

17. Although Plaintiff was initially offered an interview, the opportunity was rescinded the following day.

18. The Washington D.C. staff position was ultimately filled by an individual who was younger and less experienced than the Plaintiff.

19. Throughout this period, Defendant cultivated a consistent pattern of favoring younger applicants for high-profile correspondent roles.

20. Defendant also engaged in discriminatory hiring preferences based on physical appearance, privileging those who fit a narrow aesthetic profile.

21. In March 2020, Plaintiff temporarily relocated to Florida to care for her elderly father and stepmother during the COVID-19 pandemic. At that time, her primary residence, personal belongings, and pets remained in Afghanistan.

22. In April 2020, Plaintiff was offered a full-time staff position as a Senior Editor.

23. The salary for the Senior Editor position was lower than that of a correspondent.

24. Nevertheless, Plaintiff accepted the role of Senior Editor and performed her job remotely from Florida.

25. Further, Defendant was aware that Plaintiff was located in Florida when it offered the Senior Editor position to Plaintiff.

26. From June 1, 2020 through mid-2023, Plaintiff led a remote team and successfully fulfilled all essential functions of her role without issue.

27. Plaintiff's job description contained no requirement for in-person attendance.

28. Plaintiff's supervisor confirmed in February, May, and November, 2022 there was no editorial reason for in-person work.

29. Plaintiff has Post Traumatic Stress Disorder ("PTSD").

30. Plaintiff informed Defendant that she suffered from PTSD

31. PTSD substantially limited Plaintiff's major life activities such as sleeping, concentrating, and interacting with others.

32. The events of the summer of 2021 in Afghanistan, including the Taliban takeover of Kabul, where the Plaintiff had lived for nearly a decade and still had strong connections, re-triggered longstanding mental health conditions for the Plaintiff including PTSD, anxiety, and depression.

33. In 2022, Plaintiff was formally diagnosed with PTSD, adjustment disorder, anxiety, and depression. As a result, Plaintiff began treatment for these disabilities with medical professionals located in Central Florida.

34. In February and May of 2022, Plaintiff informed her supervisor that she would not be able to relocate to Washington, D.C. Each time, Defendant told Plaintiff that no in-person requirement would be imposed.

35. In November and December 2022, at the request of Defendant's Human Resources Department, Plaintiff submitted written complaints to Defendant's Human Resources department reporting her concerns of discrimination on the basis of age, sex, and national origin.

36. In a November 19, 2022 email, Plaintiff expressed concern of a pattern of discrimination by being passed over for correspondent roles, unequal treatment, and documented a history of exclusion dating back to 2017.

37. In a follow-up email submitted in December 2022 at HR's request, Plaintiff recounted multiple instances of suspected discrimination and retaliation, including a system-wide note blacklisting her from assignments

38. Plaintiff stated in these submissions that she feared retaliation for making these complaints.

39. Further, HR specifically asked her to report any retaliation or reprisals she has experienced.

40. In Response, Defendant's HR assured Plaintiff that no retaliation would occur for submitting concerns of discrimination.

41. In or about November 2022, Defendant reversed course from previous assertions and ordered Plaintiff to relocate from Florida to Defendant's Washington, D.C. office.

42. Plaintiff repeatedly asked Defendant what the company stood to gain by relocating Plaintiff to Washington D.C. but was never given an answer.

43. In an effort to compromise, Plaintiff proposed a hybrid arrangement to achieve whatever business goals Defendant wished to attain by relocating Plaintiff.

44. Defendant ultimately never provided an explanation as to why the company required Plaintiff to relocate to Washington, D.C.

45. On March 21, 2023, Plaintiff formally requested a reasonable accommodation under the ADA/FCRA related to her mental health disabilities. Specifically, Plaintiff requested that she be allowed to continue working remotely from Florida.

46. Plaintiff's ADA/FCRA request was clear, specific, and in writing.

47. Defendant did not request supporting documentation from Plaintiff's treating provider

48. Defendant failed to engage in an interactive process.

49. Defendant denied the accommodation on conclusory grounds, claiming that in-person attendance was essential—despite years of Plaintiff successfully working remotely.

50. Notably, Defendant did not require all members of Plaintiff's team to work in-person.

51. Further, Defendant did not require all employees to work in-person since many others were allowed to continue working remotely. Specifically, Defendant permitted a newly employed young Arabic female correspondent to work remotely in Texas due to "family reasons".

52. In an April 2023 email, Plaintiff communicated to Defendant's HR that her supervisors had offered "no editorial reason" for relocating to Washington, D.C.

53. On May 22, 2023, Defendant denied Plaintiff's accommodation request to continue working remotely from her home in Florida.

54. Defendant then ordered Plaintiff to report to work in the Washington, D.C. office no later than June 5, 2023.

55. Plaintiff complied and reported to Defendant's D.C. office on June 5, 2023.

56. Upon Plaintiff's arrival, Plaintiff immediately noticed that Defendant's D.C. office lacked a functioning workspace for Plaintiff.

57. Further, Defendant's IT department and other employees had not set up the office for Plaintiff prior to her arrival.

58. Defendant's IT department refused to set up computers while Plaintiff was in the D.C. office.

59. Defendant's D.C. office was not equipped with the equipment that Plaintiff had previously informed Defendant in February 2023, was necessary for her for in-office work.

60. Due to the Defendant's failures above, Plaintiff had difficulty performing the essential functions of her job while her fellow editors, working remotely, did not.

61. Due to the D.C. office lacking critical equipment to perform her job, Plaintiff returned to Florida and continued working remotely without issue.

62. Meanwhile, other employees continued to work fully remotely, including podcast hosts, producers, managers, and editors across various Al Jazeera departments.

63. On June 17, 2023, Plaintiff emailed senior management detailing the adverse health effects a move to the Washington, D.C. office would have for her and once again sought accommodation under the ADA/FCRA.

64. The same email included a letter from Plaintiff's therapist advising that a forced relocation would adversely affect Plaintiff's PTSD and related disabilities.

65. On July 19, 2023, Defendant terminated Plaintiff's employment.

66. On July 21, 2023, Plaintiff sent an email to Defendant's senior management, HR and D.C. bureau chief urging them to reverse dismissal.

67. Plaintiff was never informed during her employment that her remote work from Florida created administrative or financial burdens for Defendant.

68. Defendant did not inform Plaintiff of any performance concerns, nor were any concerns raised during the accommodation process or cited as a basis for her termination.

69. Plaintiff had been successfully performing the essential functions of her position remotely from Florida for over three years prior to her termination.

70. At the time of her termination, multiple other Al Jazeera employees, including members of Plaintiff's team, were permitted to continue working fully remotely from various locations across the United States.

71. Defendant's justification for termination—that Plaintiff's position required in-person work—was pretextual.

72. Plaintiff's job description did not require on-site attendance.

73. Plaintiff was subjected to a continuing pattern of discrimination based on her disability.

74. Plaintiff was also retaliated against for raising protected complaints and requesting accommodations under federal and state civil rights laws.

## COUNT I
## DISABILITY DISCRIMINATION UNDER THE ADAAA

75. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through seventy-four (74), above, as if fully set forth herein.

76. Plaintiff was a qualified individual with a disability.

77. Plaintiff was perceived as disabled by Defendant.

78. Defendant was Plaintiff's employer as defined by the ADAAA.

79. Defendant discriminated against Plaintiff because of her actual or perceived disability in violation of the ADAAA.

80. Defendant failed to engage in the ADAAA interactive process.

81. Defendant had actual or constructive knowledge of the discriminatory conduct.

82. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

83. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

84. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

85. Defendant's violations of the ADAAA were willful.

86. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the ADAAA.

## COUNT II
## DISABILITY DISCRIMINATION UNDER THE FCRA

87. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through seventy-four (74), above, as if fully set forth herein.

88. Plaintiff was a qualified individual with a disability.

89. Plaintiff was perceived as disabled by Defendant.

90. Defendant was Plaintiff's employer as defined by the FCRA.

91. Defendant discriminated against Plaintiff because of her actual or perceived disability in violation of the FCRA.

92. Defendant failed to engage in the FCRA interactive process.

93. Defendant had actual or constructive knowledge of the discriminatory conduct.

94. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

95. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the FCRA.

96. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

97. Defendant's violations of the FCRA were willful.

98. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the FCRA.

## COUNT III
## RETALIATION UNDER THE ADAAA
### (Requesting Accommodation)

99. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through seventy-four (74), above, as if fully set forth herein.

100. Plaintiff was a qualified individual with a disability.

101. Plaintiff was perceived as disabled by Defendant.

102. Defendant was Plaintiff's employer as defined by the ADAAA.

103. Defendant retaliated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendant of her request for an accommodation.

104. Defendant failed to engage in the ADAAA interactive process.

105. Defendant had actual or constructive knowledge of the retaliatory conduct.

106. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

107. Defendant's conduct violated Plaintiff's right to be free from retaliation as guaranteed by the ADAAA.

108. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

109. Defendant's violations of the ADAAA were willful.

110. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the ADAAA.

## COUNT IV
## RETALIATION UNDER THE FCRA
### (Requesting Accommodation)

111. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through seventy-four (74), above, as if fully set forth herein.

112. Plaintiff was a qualified individual with a disability.

113. Plaintiff was perceived as disabled by Defendant.

114. Defendant was Plaintiff's employer as defined by the FCRA.

115. Defendant retaliated against Plaintiff because she exercised her rights under the FCRA by notifying Defendant of her request for an accommodation.

116. Defendant failed to engage in the FCRA interactive process.

117. Defendant had actual or constructive knowledge of the retaliatory conduct.

118. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

119. Defendant's conduct violated Plaintiff's right to be free from retaliation as guaranteed by the FCRA.

120. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

121. Defendant's violations of the FCRA were willful.

122. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the ADAAA.

## COUNT V
## RETALIATION UNDER TITLE VII
## (for Protected Activity Related to Discrimination Complaints)

123. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through seventy-four (74), above, as if fully set forth herein.

124. Plaintiff engaged in protected activity under Title VII of the Civil Rights Act of 1964 ("Title VII") when she reported concerns of discrimination based on sex and national origin to Defendant's Human Resources Department in or around November and December 2022.

125. Following Plaintiff's protected complaints, Defendant subjected Plaintiff to materially adverse actions, including, but not limited to, revoking Plaintiff's previously permitted remote work arrangement, forcing her to travel at her own expense to Washington D.C. despite medical restrictions, and ultimately terminating her employment.

126. There was a causal connection between Plaintiff's protected activity and the adverse employment actions taken against her.

127. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

128. Defendant's conduct violated Plaintiff's right to be free from retaliation for engaging in protected activity under Title VII.

129. Defendant's violations of Title VII were willful.

130. Plaintiff has no plain, adequate, or complete remedy at law for the actions of

131. Defendant, which have caused and continue to cause irreparable harm.

132. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to Title VII.

## COUNT VI
## RETALIATION UNDER THE FCRA
## (for Protected Activity Related to Discrimination Complaints)

133. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through seventy-four (74), above, as if fully set forth herein.

134. Plaintiff engaged in protected activity under the Florida Civil Rights Act ("FCRA") when she reported concerns of discrimination based on age, sex, and national origin to Defendant's Human Resources Department in or around November and December 2022.

135. Following Plaintiff's protected complaints, Defendant subjected Plaintiff to materially adverse actions, including, but not limited to, revoking Plaintiff's previously permitted remote work arrangement, forcing her to travel at

her own expense to Washington D.C. despite medical restrictions, and ultimately terminating her employment.

136. There was a causal connection between Plaintiff's protected activity and the adverse employment actions taken against her.

137. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

138. Defendant's conduct violated Plaintiff's right to be free from retaliation for engaging in protected activity under the FCRA.

139. Defendant's violations of the FCRA were willful.

140. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

141. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the FCRA.

WHEREFORE, Plaintiff, JENNIFER GLASSE, respectfully requests that this Court enter judgment in her favor and against Defendant, AL JAZEERA INTERNATIONAL (USA) LLC, and award her the following relief:

- Back pay, front pay, and lost benefits;
- Compensatory damages for emotional distress, pain and suffering, humiliation, and loss of reputation;
- Punitive damages to the extent permitted by law;

- Prejudgment and post-judgment interest;

- Reinstatement to her prior position, or in the alternative, an award of front pay;

- Injunctive relief prohibiting Defendant from engaging in further discriminatory and retaliatory practices;

- A declaratory judgment that Defendant's practices violated the ADAAA, Title VII, and the FCRA;

- Reasonable attorneys' fees, costs, and expenses pursuant to the ADAAA, Title VII, and the FCRA;

- Any other relief that the Court deems just, proper, and equitable.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 12th day of May, 2025.

Respectfully submitted,

**/s/ MATTHEW GUNTER, ESQ.**
Matthew R. Gunter, Esquire
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Avenue, 16th Floor
Orlando, FL 32801
Telephone: (407) 236-0946
Facsimile: (407) 867-4791
Email: MGunter@forthepeople.com
*Counsel for Plaintiff*